IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK ANTHONY LITTLE,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 24-CV-4033** |
| : | |
| **DANIELLE OUTLAW,** *et al.*, : | |
|     **Defendants.** : | |

# ORDER

**AND NOW**, this 20th day of February, 2025, upon consideration of Plaintiff Mark Anthony Little's Motion to Proceed *In Forma Pauperis* (ECF No. 7), and "Exhibits," construed to be a Second Amended Complaint (ECF No. 9) it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    The Complaint is **DEEMED** filed.

    3.    The Clerk of Court is **DIRECTED** to **AMEND** the docket to reflect that the pleading docketed at ECF No. 9 as "Exhibits" is Little's "Second Amended Complaint," and to **restrict** the pleading to Court users and parties only since it includes a copy of Little's *in forma pauperis* motion.

    4.    The Second Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as follows:

        a.    Little's claims asserting violations of criminal statutes, the Pennsylvania Constitution, and the Fifth, Eighth, Ninth, and Thirteenth Amendments are **DISMISSED WITH PREJUDICE** for the reasons stated in the Court's Memorandum.

   b. Little's claims against former Philadelphia District Attorney Lawrence Krasner and Chaplin Ken, and his claims against Former Police Commissioner Danielle Outlaw based on failure to protect or investigate are **DISMISSED WITH PREJUDICE** for the reasons stated in the Court's Memorandum.

   c. Little's claims against Dr. Elizabeth Conlin, his First Amendment retaliation claims against Former Police Commissioner Outlaw, and his Fourth and Fourteenth Amendment claims against Eb Adyemi are **DISMISSED WITHOUT PREJUDICE**.

  5. The Clerk of Court is **DIRECTED** to terminate Philadelphia District Attorney Lawrence Krasner and Chaplin Ken as Defendants.

  6. Little may file a third amended complaint within thirty (30) days of the date of this Order. Any third amended complaint must identify all defendants in the caption of the third amended complaint in addition to identifying them in the body of the third amended complaint and shall state the basis for Little's claims against each defendant. The third amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his third amended complaint, Little should be mindful of the Court's reasons for dismissing the claims in his Second Amended Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

  7. The Clerk of Court is **DIRECTED** to send Little a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Little may use this form to file his amended complaint if he chooses to do so.

8.      If Little does not wish to amend his Second Amended Complaint and instead intends to stand on his Second Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9.      If Little fails to file any response to this Order, the Court will conclude that Little intends to stand on his Second Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the

complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

                                                */s/ R. Barclay Surrick*
                                                **R. BARCLAY SURRICK, J.**

---

six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).